Roscoe Lilly and Eleanor Lilly v. Commissioner.
Lilly v. Commissioner
Docket No. 55344.
United States Tax Court
T.C. Memo 1956-207; 1956 Tax Ct. Memo LEXIS 87; 15 T.C.M. (CCH) 1087; T.C.M. (RIA) 56207; September 10, 1956
*87 John L. Flynn, C.P.A., United States National Bank Building, Portland, Ore., for the petitioners. John D. Picco, Esq., for the respondent. LEMIRE Memorandum Opinion LEMIRE, Judge: Respondent determined deficiencies in petitioners' income tax and additions to the tax in the years and in the amounts as follows: Additions to the Tax
Defi-
Sec. 294
Sec. 294
Year
ciency
(d)(1)(A)
(d)(2)
1949
$ 947.16
$110.08
$ 66.04
1950
1,410.00
267.02
160.21
1951
394.94
31.40
18.83
Petitioners assign error with respect to the deficiency determined for the taxable year 1949 and the additions to the tax under sections 294(d)(1)(A) and 294(d)(2) of the Internal Revenue Code of 1939 for each of the taxable years 1949, 1950, and 1951. Some of the facts are stipulated and are found accordingly. They may be briefly summarized as follows: Petitioners are husband and wife and reside at Grants Pass, Oregon. They filed their joint income tax returns for 1949, 1950, and 1951 with the then collector of internal revenue for the district of Oregon. During the taxable year 1949 and until July 31, 1951, petitioner Roscoe Lilly and Roscoe E. Phelps *88 were equal partners in Phelps and Lilly Logging Company engaged in the contract logging business. Upon audit of the partnership return for 1949 the respondent disallowed a claimed rental expense deduction and increased the net income for the partnership for that year by the amount of $11,656.13. In determining the deficiency against the petitioners for 1949, the respondent increased the income from the partnership by $5,828.07 or 50 per cent of the expense deduction disallowed on the partnership return. At the hearing petitioners conceded the correctness of the deficiency determined for 1949 and the additions to the tax under sections 294(d)(1)(A) and 294(d)(2) for 1949, 1950, and 1951. In view of the petitioners' concessions there are no issues raised in the petition remaining for the determination of this Court. The respondent's determination for each of the taxable years in question is therefore sustained. At the trial of the proceedings petitioners offered certain testimony purporting to show that the amount of $5,828.07 of the partnership income for 1949 included in the petitioners' distributive share of partnership income for that year had been included in the 1949 income *89 tax return of the other partner, Roscoe E. Phelps, who is not a party hereto. Under some theory not apparent to the Court petitioners argue that an adjustment should be made in this proceeding under the provisions of section 3801 of the Internal Revenue Code of 1939. On this record no basis exists for the applicability of any of the provisions of section 3801 of the Code at this time. This contention of the petitioners was not properly put in issue and is without merit. Decision will be entered for the respondent.